[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DATE OF SENTENCE: MAY 10, 1996 DATE OF APPLICATION: MAY 10, 1996 DATE OF APPLICATION FILED: MAY 20, 1996 DATE OF DECISION: FEBRUARY 27, 2001
Application for REVIEW OF SENTENCE imposed by the Superior Court, Judicial District of New Haven,
Docket No. CR 93-383604.
Thomas Farver, Esq. Defense Counsel, for Petitioner
Robert O'Brien, Esq. Assistant States Attorney, for the State
 BY THE DIVISION
After trial by jury the petitioner was convicted of Assault in the First Degree, Conspiracy to Commit Assault in the First Degree and Carrying a Pistol Without a Permit. The trial court sentenced the petitioner to 20 years, 20 years and five years respectively, each count concurrent to the other for a net effective sentence of 20 years incarceration. It is this sentence the petitioner seeks to have reviewed.
The victim was the new boyfriend of a lady with whom the petitioner had a prior relationship which bore a child. The subject offense involves an altercation between the petitioner and the victim. The confrontation was physical and, apparently, at a point when the petitioner was losing the fight he called out for his gun which was provided him. The petitioner shot the victim in the chest. The victim is permanently paralyzed from the chest down.
Counsel for petitioner indicated at the hearing before the Division that at the time of the incident the petitioner was a young 21 years of age. Counsel also noted that it was the victim that initiated the physical aspect of the confrontation, that it became a melee, wherein the victim's brother pulled out a knife and tried to stab the petitioner. CT Page 4535 Counsel emphasized the petitioner's strong family ties and the petitioner's "strength of rehabilitative character" in asking for a reduced split sentence. Counsel noted after the incident the petitioner relocated out of state in order to remove himself from the situation.
The petitioner addressed the Division. Petitioner indicated that regardless of the results of the hearing he would earn his associates degree. Petitioner further indicated that at the time of the offence he was young and immature and in the interim he has learned to be a man — "I've stopped banging my head against the wall."
Counsel for the State referred to a prior incident in June of 1992 that involved the use of a firearm by the petitioner.
The trial court commented at sentencing[1]:
 "(t)he evidence at trial, and in the presentence investigation, show a history of violent and threatening behavior, mostly toward the victim here . . . and usually involving a firearm. . . . The gun has been a way of life for Mr. Cepada. So we simply cannot tolerate this kind of conduct in this day and age. There is no place in society for people who resort to shooting another person and settle an argument. Mr. Cepada's inclination in this regard makes him a danger to society."
The court also commented at length relevant to the "catastrophic results" to the victim as a result of the acts of the petitioner.
It is noteworthy that the petitioner had an exposure to 45 years incarceration for the offenses for which he was convicted.
Pursuant to Connecticut Practice Book § 43-23 et seq., the Sentence Review Division is limited in the scope of its review. The Division is to determine whether the sentence imposed "should be modified because it is inappropriate or disproportionate in the light of the nature of the offense, the character of the offender, the protection of the public interest and the deterrent, rehabilitative, isolative and denunciatory purposes for which the sentence was intended."
The Division is without authority to modify sentences except in accordance with the provision of Connecticut Practice Book § 43-23 et seq. and Connecticut General Statute § 51-94 et seq. CT Page 4536
In reviewing the records as a whole, the Division finds that the sentencing court's actions were in accordance with the parameters of Connecticut Practice Book § 43-23 et seq.
The sentence imposed was neither inappropriate nor disproportionate.
The sentence is AFFIRMED.
Miano, J.
Klaczak, J.
Norko, J.
 * * *
Miano, J., Klaczak, J. and Norko, J. participated in this decision.